IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHARLES HUDDLESTON                                             PLAINTIFF

         v.                          Civil No. 13-2112

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                 DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, Charles Huddleston, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).   In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.      Procedural Background**:

Plaintiff filed his DIB and SSI applications on November 24, 2010, alleging an onset date of March 20, 2010, due to bipolar disorder and schizophrenia.  Tr. 11, 107-116, 164.  The Commissioner denied Plaintiff's applications initially and on reconsideration. Tr. 11, 49-55, 62-65.  An administrative hearing was held on September 26, 2011.  Tr. 23-44. Plaintiff was present and represented by counsel.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the hearing, Plaintiff was 40 years old and possessed a high school education.  Tr. 107, 155, 164.  He had past relevant work (PRW) experience as a plastic factory worker and medical warehouse worker.

On August 9, 2012, the ALJ found although the Plaintiff suffered from low back pain, ADHD, substance abuse, and mood disorder, he did not have an impairment or combination of impairments that had significantly limited his ability to perform basic work activities for 12 consecutive months.  Tr. 13-18. Accordingly, the ALJ concluded that Plaintiff did not suffer from a severe impairment or combination of impairments.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on March 1, 2013.  Tr. 1-3.  Subsequently, Plaintiff filed this action.  ECF No. 1.  Both parties have filed appeal briefs, and the case is now ready for decision.  ECF Nos. 15, 20.  The Plaintiff has also filed a Motion for Summary Judgment, to which the Government has replied. ECF. No. 23, 26.  For the sake of efficiency, both the appeal and the motion will be addressed in this report and recommendation.

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

**II.**   **Applicable Law**:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be

2

affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that has lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

3

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.   __Discussion__:

Plaintiff contends that the ALJ erred by ending the sequential process at Step 2. And, we agree. Step two of the evaluation states that a claimant is not disabled if his impairments are not "severe." *Simmons,* 264 F.3d at 754; 20 C.F.R. § 416.920(a)(4). An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities. *See Bowen v. Yuckert,* 482 U.S. 137, 153, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); *id.* at 158, 107 S.Ct. 2287 (O'Connor, J., concurring); 20 C.F.R. § 404.1521(a). If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two. *Page v. Astrue,* 484 F.3d 1040, 1043 (8th Cir.2007).

In the present case, Plaintiff was diagnosed with a mood disorder for which he was prescribed a number of antidepressants (Elavil, Prozac, Trazadone), Lithium, and Tegretol. However, records from his treating source provide no insight into the severity of Plaintiff's impairment.

On January 19, 2011, Plaintiff underwent a mental status examination with Dr. Kathleen Kralik. Tr. 235-243. He claimed to suffer from bipolar, paranoid schizophrenia, and anxiety , reporting no energy or ambition, problems with authority, sensitivity to perceived narcissistic

wounds, problematic frustration tolerance, a short attention span, and anxiety. Plaintiff denied inpatient treatment of any kind, but stated that he had been receiving mental health services through an Indian Clinic in Sallisaw. Dr. Kralik diagnosed him with ADHD, dysthymia, and substance abuse disorder not otherwise specified. Further, she assessed probable antisocial, narcissistic, avoidant, parasitic-dependent, oppositional defiant and/or passive-aggressive personality features and assigned a global assessment of functioning score of 45-55. Dr. Kralik opined that Plaintiff's capacity to carry out ADL's was mildly to moderately impaired, his capacity to communicate and interact in a socially adequate manner was mildly to moderately impaired, his capacity to communicate in an intelligible and effective manner was mildly to moderately impaired in written expression but otherwise adequate, his capacity to cope with typical mental/cognitive demands of basic work-like tasks was generally adequate, his ability to attend and sustain concentration on basic tasks seemed likely to be mildly to moderately impaired, his capacity to sustain persistence in completing tasks was mildly impaired but for the most part adequate, his capacity to complete work-like tasks was mildly impaired but adequate for the most part, and his capacity to complete work-like tasks within an acceptable time frame was mildly impaired. While Plaintiff had the cognitive capacity to manage funds without assistance, Dr. Kralik felt that his antisocial tendencies (i.e., substance abuse issues and pattern of evading payment of fines) did not bode well for responsible fund distribution. And, she noted that his personality issues and perhaps some substance abuse and acknowledged authority issues were most likely the dominant issues impacting his maintenance of employment. She was not, however, asked to complete a mental RFC assessment. And, the ALJ dismissed Dr. Kralik's

5

assessment of moderate limitations by stating that Dr. Kralik examined the Plaintiff on only one occasion

The only mental RFC assessment contained in the file was completed by a non-examining, consultative psychologist who concluded that Plaintiff would have moderate limitations with regard to his ability to understand, remember, and carry out detailed instructions, maintain attention and concentration for extended periods, make simple work-related decisions, complete a normal workday and workweek without interruptions from psychologically based symptoms, perform at a consistent pace without an unreasonable number and length of rest periods, accept instructions and respond appropriately to criticism from supervisors, set realistic goals, and make plans independently of others.  Tr. 244-261.  The ALJ concluded that Plaintiff was not a credible witness and, Dr. Kralik's reliance on Plaintiff's statements undermined her professional opinion.  Further, he concluded that the consultative examiner based his assessment on Dr. Kralik's examination, so his assessment was also entitled to little weight.  While we agree that there are inconsistencies in Plaintiff's reports that call his credibility into question, the ALJ's dismissal of both the evaluation and RFC assessment renders the record void of any evidence to suggest Plaintiff's limitations, without which a severity determination can not be made.  *See Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003) (adequate medical evidence must exist that addresses the claimant's ability to function in the workplace).  And, an "ALJ must not substitute his opinions for those of the physician."  *Ness v. Sullivan,* 904 F.2d 432, 435 (8th Cir.1990).  Accordingly, remand is necessary to allow the ALJ to obtain a credible mental RFC assessment.

6

The ALJ's failure to develop the record with regard to Dr. Kralik's statements concerning Plaintiff's antisocial, narcissistic, avoidant, parasitic-dependent, oppositional defiant and/or passive-aggressive personality traits is also concerning as these traits could account for Plaintiff's credibility issues. However, without an assessment of how these personality traits impact Plaintiff's credibility and his ability to perform work-related tasks, an accurate RFC determination can not be made. Therefore, remand is necessary to allow the ALJ to develop the record further with regard to Plaintiff's mental impairments and their resulting limitations. *See Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010) (ALJ is required to order medical examinations and tests if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled).

**IV.** <u>**Conclusion**</u>:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court**.

DATED this <u>14th</u> day of March 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)

8